ARCHY B. LAWRENCE *v.* CHARLES F. HOZEY, Sheriff, and others.

Defendants, in the absence of plaintiff, seized under a *fi. fa.* against a third person, furniture belonging to the plaintiff, and sold it. The plaintiff's landlord afterwards claimed and received the proceeds, in virtue of his privilege on the furniture for rent. In an action for the value of the furniture against the Sheriff and the seizing creditors, there was a judgment for the defendants. On appeal: *Held,* that the court below erred ; that it is no excuse for the defendants, if their acts were illegal and caused damage to the plaintiff, that they gained nothing by them, and that another got the money they were endeavoring to obtain; that the course pursued by the defendants compelled the landlord to assert his claim, and that it is not shown that he would, *in the absence of the plaintiff*, have taken any step to have the furniture sold. Case remanded.

APPEAL from the District Court of the First District, *Buchanan,* J.

GARLAND, J. This suit is brought to recover the value of certain household furniture, which the plaintiff avers belonged to him, and was seized and sold by Hozey, as Sheriff, under three executions, in favor of the other defendants, against one Rufus Dolbear, and for damages caused by such illegal seizure and sale. Hozey answers, that he acted as a public officer in obedience to the writs directed to him, and the orders of his co-defendants, and prays for a judgment against them, if he is condemned to pay for the property, or any damages. The defendants, Hepburn, Delaplaine, and Brower & Co., answer by a general denial.

From the evidence in the case, it seems that a considerable por-

tion of the furniture at one time belonged to Dolbear, but that some time before the seizure and sale, he had sold it to the plaintiff, and, as appears by a notarial act, about the same time transferred to him the lease of the house in which the furniture was, with the consent of the landlord. Some weeks after this, the plaintiff left this city for Philadelphia on business, and during his absence, committed the care of the premises and furniture to Dolbear, who, with his family, left the house and went into the country, about the first of June. In the absence of both Dolbear and the plaintiff, the property was sold. It is clear, from the testimony, that a portion of the furniture seized and sold never did belong to Dolbear, which the witnesses estimate to have been worth from $250 to $400. The plaintiff and Dolbear lived in the same house at the time of the sale, the latter having married the adopted daughter of the former. It is shown, that the consideration of the sale was a debt which Dolbear had been owing to the plaintiff for a considerable time.

After Hozey had sold the property, the landlord, Barton, asserted that he was entitled to the proceeds, as he had a privilege on all the furniture for the rent of the house. This claim was sustained, and the funds were paid to him. In consequence of this fact, the District Judge entered a nonsuit,* and the plaintiff has appealed.

We are of opinion that the court below erred. It is no excuse for the defendants, if their acts were illegal and caused damage to the plaintiff, to say that they gained nothing by them, and that another got the money they were illegally endeavoring to obtain. It is not shown that Barton was at all uneasy about the rent of his house, or that he would, in the absence of the plaintiff, have taken any step to have the furniture seized and sold. The course pursued by the defendants compelled him to assert his claim, but does not legalize their proceedings, if contrary to law.

We do not intend to express any opinion upon the merits of this case further than to say, that the Judge erred in entering a

---

* This is a mistake—the judgment below was an absolute one in favor of the defendants.

JANUARY, 1844. 387

The Com'rs of the Exchange & Banking Co. of New Orleans v. Mudge and another.

nonsuit against the plaintiff. The sale to the plaintiff is not alleged to have been fraudulent, or for the purpose of giving a preference to a particular creditor ; nor does it appear that any means were ever taken to revoke it.

The judgment of the District Court is annulled and reversed, and the cause remanded for a new trial, to be proceeded in according to law ; the defendants and appellees paying the costs of the appeal.

*E. C. Mix*, for the appellant.

*G. Strawbridge*, for the defendants.

